UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS LECHNIR,

        Plaintiff,

v.                                        Case No. 14-C-1020

RICHARD WELLS, et al.,

        Defendants.

## DECISION AND ORDER

Former University of Wisconsin-Oshkosh baseball coach Thomas Lechnir filed this action contending that the University's failure to renew his contract constituted a violation of due process and retaliation. The Defendants moved to dismiss almost all of the claims. This court granted the motion in part. (ECF No. 33.) Following that decision, the Defendants filed a motion for judgment on the pleadings, seeking dismissal of the remaining claim. For the reasons given below, the motion will be granted.

**I. Background**

Many of the underlying facts are set forth in this court's June 29, 2015 decision. (ECF No. 33.) For present purposes, it is enough to explain that this action arises out of alleged bad blood and bureaucratic in-fighting culminating in what the complaint alleges was a group effort to effectuate Lechnir's departure from Oshkosh.

Lechnir challenged his non-renewal through an "ad hoc" peer review, with a three-member staff committee hearing Lechnir's assertion that his nonrenewal was not warranted. The committee

essentially punted the issue back to the chancellor, who reaffirmed his earlier decision not to renew Lechnir's contract. Lechnir then appealed in Winnebago County Circuit court, which upheld the nonrenewal, and then he filed an appeal in the state court of appeals. In a March 11, 2015 decision, that court affirmed, finding no violation of due process nor any violation of other protected interests. *Lechnir v. University of Wisconsin-Oshkosh,* 2015 WL 1034746 (Wis. Ct. App., March 11, 2015).

**II. Analysis**

The complaint alleges that Plaintiff's non-renewal was an effort to retaliate against him for his effort to blow the whistle on what he described as the "misallocation of construction-related gifts." (ECF No. 12 at ¶ 161.) The Defendants (apart from Chancellor Wells) originally moved to dismiss on the grounds that they were not the final decision makers with respect to his non-renewal. I denied the motion, citing the fact that individuals who conspire or aid in the retaliation could also be liable even if they are not the final decision maker. In their present motion, the Defendants now argue that the doctrine of claim preclusion prevents the Plaintiffs from pressing their claim in federal court.

**A. Waiver**

In responding to the motion, Plaintiff's primary argument is that the Defendants waived their claim preclusion defense by not raising it in their earlier motion to dismiss. Claim preclusion is a defense that may be waived like any other. Moreover, efficient administration of litigation often dictates that parties should make their best arguments when the opportunity arises rather than in piecemeal fashion. I agree with the Plaintiff that best practices would dictate the raising of the issue earlier, particularly when the Defendants raised claim preclusion as a defense to other claims. In fact, because claim preclusion is a defense itself founded on principles of waiver, one would

generally expect it to be raised at the earliest opportunity. Even so, I conclude nothing in the rules mandates a finding that the issue is now waived. And because the courts maintain a clear preference for reaching the merits in litigation, I find the Defendants' argument is timely raised.

Fed. R. Civ. P. 12(g)(2) provides that "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." In other words, a party must generally include all of its defenses in a single Rule 12 motion, unless the exception in Rule 12(h)(2) or (3) applies. Rule 12(h)(2) allows parties to bring a motion under 12(c) for failure to state a claim. This, the Defendants argue, is exactly what they've done. Although earlier they brought a motion to dismiss under Rule 12(b)(6), they are now bringing a motion under 12(c) (judgment on the pleadings) for failure to state a claim. "The Rule 12(h)(1) waiver rule applies only to the defenses listed in Rule 12(b)(2)–(5) (lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process). Failure-to-state-a-claim defenses are thus excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule." *Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012) (allowing statute of limitations defense to be brought in successive motion to dismiss).

Since a defense of failure to state a claim is not subject to the consolidation requirement, the only remaining question is whether a claim preclusion defense is tantamount to defense of failure to state a claim. It is. Courts commonly treat claim preclusion (or *res judicata*) as an argument that the plaintiff has failed to state a claim. *See, e.g., Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008) (finding that a *res judicata* defense sometimes can be "a proper basis for a Rule 12(b)(6) motion."); *Golbourn v. Gen. Motors Corp.*, 98 F. Supp. 2d 975, 977 (N.D. Ill. 2000) ("The

3

defendants move to dismiss her complaint under Fed.R.Civ.P. 12(b)(6) on the grounds of res judicata (now called claim preclusion), and I grant the motion."); *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises claim preclusion. . . ."); *Ward v. Jessie Brown V.A. Hosp.,* 2005 WL 3312601, at *4 (N.D. Ill. Dec. 5, 2005) ("The Government has moved to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that Ward has failed to state a claim upon which relief can be granted because his FTCA claim is barred by res judicata.")

Claim preclusion is normally raised through a Rule 12(c) motion for judgment on the pleadings. "Technically, of course, res judicata is an affirmative defense for the defendant, see Fed. R. Civ. P. 8(c), and thus cannot be raised until a motion for judgment on the pleadings under Rule 12(c)." *Forty One News, Inc. v. Cty. of Lake,* 491 F.3d 662, 664 (7th Cir. 2007). In some circumstances, however, a defense of claim preclusion may be raised in a motion to dismiss if, as here, the defense is premised on public records, and no further information or discovery is required. Thus, the Defendants availed themselves of that opportunity by bringing a motion to dismiss under Rule 12(b)(6). Nothing in the rules, however, requires that if a defendant brings a 12(b)(6) motion based on claim preclusion, he is then barred from bringing a subsequent Rule 12(c) motion. Accordingly, I find the defense not waived.

**B. Claim Preclusion**

This court dismissed the Plaintiff's due process claims because they could have been raised in his state proceedings. In the same decision, the court expressed some surprise that the Defendants had not moved for dismissal of the retaliation claim on the same grounds. That argument is now before me.

4

Wisconsin law provides that three factors must be present in order for a claim to be precluded in a later action: (1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits. *Froebel,* 217 F.3d at 933. The earlier judgment is conclusive as to all matters which were litigated or which might have been litigated in that proceeding. *Wilhelm v. County of Milwaukee,* 325 F.3d 843, 846-47 (7th Cir. 2003).

**1. Full and Fair Opportunity**

An exception to the doctrine of claim preclusion applies "if the plaintiff did not have a full and fair opportunity to litigate his claim in state court.... A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Licari v. City of Chicago.,* 298 F.3d 664, 666–67 (7th Cir. 2002).

Lechnir argues that he did not have a full and fair opportunity to litigate his retaliation claim in his state proceedings because he would not have been afforded the right to have a trial by jury. But claim preclusion does not require *identical* rights and procedures, it merely requires that the plaintiff had a means of bringing his claims that comported with basic notions of due process. "We must bear in mind that no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 483 (1982). In *Kremer,* the Supreme Court gave preclusive effect to New York state administrative proceedings even though they did not provide the jury trial the plaintiff would have been entitled to had he brought a Title VII claim in federal court. *Id.* ("[S]tate proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause

5

in order to qualify for the full faith and credit guaranteed by federal law.") Thus, the mere fact that Lechnir did not have a jury trial does not mean his state proceedings did not comply with Due Process.

**2. Privity of Parties**

Lechnir also argues that the retaliation claims should not be precluded because he could not have asserted those claims against the individual defendants in the administrative action, which would have deprived him the ability to obtain monetary relief. This argument dovetails with his argument that there is no identity of the parties between the two actions. In his state proceedings, he sued only the University of Wisconsin-Oshkosh, while in federal court he is suing four employees, all in their individual capacities.

Lechnir is correct that "[a] suit against a government agency is generally not the same as a suit against individuals. The general (and federal) rule is that an officer sued in his individual capacity is not in privity with the municipal entity of which he is a member." *Charles Koen & Associates v. City of Cairo,* 909 F.2d 992, 999 (7th Cir. 1990). Although this might be the rule applied to federal cases, under Wisconsin law the employees sued individually *are* considered to be in privity with the state itself. *Northern States Power Co. v. Bugher,* 189 Wis. 2d 541, 551-52, 525 N.W.2d 723, 728 (1995). In that case, the state supreme court noted that the plaintiff had named the state Department of Revenue in his previous actions, while the "the present suit, however, names the current and several past secretaries of the Department, in their official and individual capacities." *Id.* Despite naming the defendants in their individual capacities, the court found that "[t]his attempted distinction is without consequence." *Id.* at 552, 728. The court noted that the individuals were represented by the Wisconsin Department of Justice and that the state

6

would be bound by any judgment. *Id.* "If the state is bound by the result in any event, the reason for the distinction between suing the officers and suing the agency vanishes." *Id.* (citing *Barry Labs., Inc. v. Wisconsin State Bd. of Pharmacy,* 26 Wis.2d 505, 511-12, 132 N.W.2d 833, 835-36 (1965)). The same holds true here. The Defendants are represented by the Department of Justice, and the state would be bound by any judgment. Under Wis. Stat. § 895.46, "If the defendant in any action or special proceeding is a public officer or employee and is proceeded against . . . as an individual because of acts committed while carrying out duties as an officer or employee . . . the judgment as to damages and costs entered against the officer or employee . . . shall be paid by the state or political subdivision of which the defendant is an officer or employee." Thus, even though the complaint names the Defendants in their individual capacities, it is essentially a lawsuit against the state itself. The individual defendants are therefore in privity with the state for claim preclusion purposes. *See also Froebel v. Meyer,* 217 F.3d 928, 934 (7th Cir. 2000) ("Under Wisconsin preclusion law, Meyer and Sturtevant are viewed as identical to WDNR since Froebel's complaints against them concern only their actions as employees of the agency.")

**3. Identity of Causes of Action**

Lechnir concedes that Wisconsin follows the transactional approach to the identity of the causes of action, the question being whether the two lawsuits arise from the same transaction or set of facts. Here, they clearly do. As the court of appeals put it in the very first sentence of its decision, "This case stems from the nonrenewal of the employment contract of Thomas Lechnir, the long-time baseball coach at the University of Wisconsin—Oshkosh." *Lechnir v. Univ. of Wisconsin-Oshkosh,* 2015 WI App 37, ¶ 1, 363 Wis. 2d 655, 862 N.W.2d 903 (Wis. Ct. App. 2015). That same nonrenewal is the foundation of the present lawsuit.

7

Lechnir's argument that the two actions do not share an identity is based largely on his argument, discussed above, that he is entitled to bring two lawsuits because he is suing different defendants. As *Bugher* makes clear, however, the distinction between naming individual defendants and the state itself is a meaningless one under Wisconsin law. "Applying the transactional approach to the facts at hand, we conclude that there is identity of claims between the causes of action in the two proceedings. At every stage of the proceedings, Northern's underlying claim has been that it is entitled to a deduction for state income tax purposes based on its gift of land to the federal government." 525 N.W. 2d at 729. Here, the underlying claim has always been the same—that Lechnir's non-renewal was improper and / or unconstitutional. Accordingly, there is an identity between the two lawsuits. Because all of the claim preclusion factors have been met, I conclude the Plaintiff's retaliation claim is precluded.

**4. The Judgment**

The final question is whether the judgment entered in the prior state proceedings encompassed matters that were litigated or that *could have been* litigated in those proceedings. Lechnir argues that review through his *ad hoc* proceedings at the University and then through state trial and appellate courts was directed at obtaining reinstatement if any of those bodies thought his nonrenewal was illegal or unconstitutional. He did not seek, and likely could not seek, money damages against the defendants. (The Defendants do not suggest that damages were available in his state court Chapter 227 review process.) Thus, Lechnir argues that he was forced to split his claims—to obtain reinstatement through state administrative and judicial channels, and then damages through § 1983 in a separate action. "In the instant case, the [Louisiana Civil Service Commission] did not have the power to award Frazier all the damages she now seeks in federal

8

court. . . limitations on the power of the LCSC prohibited her from seeking complete damages in the LCSC proceeding." *Frazier v. King,* 873 F.2d 820, 825 (5th Cir. 1989) (finding no claim preclusion).

Lechnir's argument might carry the day in many states. Wisconsin, however, takes a broad approach to defining what a "claim" is. As noted above, under Wisconsin law the "claim" to be precluded is not a discrete legal cause of action or legal theory, and neither is a claim defined by reference to specific defendants or entities. Instead, it is any right or defense arising out of a "transaction" or series of related facts that give rise to injury. "The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split." *DePratt v. West Bend Mutual Ins. Co.,* 113 Wis.2d 306, 311, 334 N.W.2d 883, 886 (1983) (citing Restatement (Second) of Judgments § 24, comment a (1982)).

Thus, even if Lechnir was unable to pursue damages "claims" against the individual defendants in his earlier proceeding, he is precluded from doing so now because those claims arise from the same transaction. This is why Wisconsin courts explain that claim preclusion means the previous judgment is preclusive as to all *"*matters*"* that were litigated or might have been litigated there— not all "claims" or "causes of action." *Lindas v. Cady,* 183 Wis.2d 547, 558, 515 N.W.2d 458, 463 (1994) (quoting *DePratt,* 334 N.W.2d at 885). It is enough that the prior tribunal had the jurisdiction to entertain the constitutional issues or theories:

9

> When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground . . . then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

*Staats v. Cty. of Sawyer,* 220 F.3d 511, 515-16 (7th Cir. 2000) (citing Restatement (Second) of Judgments, § 25 cmt. e).

Here, as found in this court's previous decision, the state tribunals had the jurisdiction to entertain the constitutional theory now advanced, namely that the nonrenewal was a violation of the First Amendment. Because the First Amendment retaliation matter could have been litigated in the state proceedings, it is precluded, even though the state courts would not have granted money damages. For example, in *Balcerzak v. City of Milwaukee, Wis.,* discharged Milwaukee police officers challenged their termination through the Fire and Police Commission, and then appealed to state courts. 163 F.3d 993, 994 (7th Cir. 1998). Later, they filed a federal § 1983 action against the police chief and other defendants, seeking damages for (among other things) violations of the Equal Protection Clause in the way their discipline was handled. The district court and Seventh Circuit found the § 1983 claims precluded, even though the remedies sought were different:

> Plaintiffs argue that even if they could have raised a constitutional defense in Wisconsin state courts, the remedy in state court, reversal or modification of the Board's decision, is not the same as the remedy they seek under § 1983, namely, money damages, and hence we should not afford the Wisconsin state court judgment claim preclusive effect. This argument, if accepted, would undercut claim preclusion in every case where a constitutional issue was posed as a defense to a civil service commission or police board action.

*Balcerzak v. City of Milwaukee, Wis.,* 163 F.3d 993, 997 (7th Cir. 1998).

The point of *Balcerzak* is that when a discharged public employee has a constitutional

10

defense to his discharge, he must raise it in any state discharge proceedings and cannot expect to bring a later § 1983 action based on the same events. The *Bugher* case also makes the point very well. 189 Wis.2d at 554, 525 N.W.2d at 729. There, the plaintiff's initial actions were brought before the Department of Revenue, with appeals through the Tax Appeals Commission and state courts. There is no indication that § 1983-style damages claims against individual defendants would have been cognizable in those tax appeal proceedings, and so money damages against individual state employees were not on the table. Even so, the *Bugher* court had little trouble finding that the subsequent § 1983 claims, which sought damages against individual defendants, were precluded. "Applying the transactional approach to the facts at hand, we conclude that there is identity of claims between the causes of action in the two proceedings. At every stage of the proceedings, Northern's underlying claim has been that it is entitled to a deduction for state income tax purposes based on its gift of land to the federal government." 189 Wis.2d at 554, 525 N.W.2d at 729. This was true despite the fact that the § 1983 claim sought damages from defendants in their individual capacity. Both *Balcerzak* and *Bugher* govern the outcome here.

Lechnir suggests there is something inherently unfair about being denied the ability to seek money damages under § 1983 simply because he chose to proceed against the University through his state administrative review. First, although "fairness" is an element of *issue* preclusion, it is not a consideration in *claim* preclusion, except to the extent the doctrine is based on the fairness of ensuring the finality of prior judgments. "[C]laim preclusion is strictly applied. The United States Supreme Court has expressed this view, stating that 'fairness' is not an element of claim preclusion." *Kruckenberg v. Harvey,* 2005 WI 43, ¶¶ 53-54, 279 Wis. 2d 520, 543, 694 N.W.2d 879, 891 (Wis. 2005). Even if fairness were a consideration, there is no perceptible unfairness here. In

11

a case like Lechnir's, there are essentially four scenarios imaginable. In the first, the litigant is successful in his administrative or judicial review proceedings, and gains reinstatement plus "whatever relief is appropriate" from the state administrative tribunal or courts. Wis. Stat. § 227.57. Obtaining additional damages through a later § 1983 action would remunerate him above and beyond his injury, which the state process remedied, and so there is nothing unfair about precluding a later damages action based on the same facts. The second scenario arises if he raises his constitutional arguments in those proceedings, but loses, as he did here. In that case, the likely reason he lost is that the state courts found no merit to his claims. (Here, Lechnir alleged retaliation under state law, but the court rejected the argument[1].) Once a litigant's claim has been rejected by the state courts, it hardly seems unfair to permit the parties involved—both the University and the individual defendants—to enjoy the repose of having those matters fully litigated. The fact that two procedural avenues might exist does not mean an aggrieved party may require the defendants to litigate the same matters twice.

The third scenario arises if the individual proceeds through his administrative proceedings *without* raising the constitutional issues at all, even though he could have done so. In that case, the defendants (and those in privity with them) are also entitled to view the matter as closed because the litigant *could have* raised those issues. That, after all, is the point of claim preclusion. The final scenario involves an individual who decides he has been wronged, but who decides damages or

---

[1] The court found: "The record does not substantiate the accusations. Roter told the committee her decision was not impacted by Lechnir's whistleblowing but by his attitude, his refusal to acknowledge and work on performance concerns, and his insistence on doing things his way, and that, as the donor's potential gifts largely were contingent upon Lechnir's continued employment but UWO could not accept gifts with strings attached, the bulk of the gifts did not materialize. Most significantly, an independent audit revealed no wrongdoing." 2015 WI App 37, ¶ 24, 363 Wis. 2d 655, 862 N.W.2d 903.

12

other relief is preferable to reinstatement, in which case he may forego the state administrative process and bring a § 1983 claim in state or federal court. He is forced to choose, it is true, but if he is successful in a § 1983 action an appropriate award of damages will remedy the constitutional wrong.

## III. Conclusion

For the reasons given above, I conclude that the defense of claim preclusion prevents the Plaintiff from litigating, in this action, his First Amendment retaliation claim against the Defendants. The motion for judgment on the pleadings is granted, and the retaliation claim is dismissed. There being no remaining claims, judgment in favor of the Defendants will be entered.

**SO ORDERED** this 15th day of January, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court